IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| SUE CANTRALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 1122-CC01148 |
| v. ) | |
| ) | Div. |
| BJC/HEALTHSOUTH ) | |
| REHABILITATION CENTER, L.L.C. ) | |
| d/b/a THE REHABILITATION ) | |
| INSTITUTE OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |
| ) | PERSONAL INJURY WRONGFUL DEATH |
| Serve: ) | JURY TRIAL REQUESTED |
| Registered Agent ) | |
| CT Corporation System ) | |
| 120 South Central Avenue ) | |
| Clayton, Missouri 63105 ) | |

### PETITION

Comes now the Plaintiff by and through her attorney and for her claim and cause of action against Defendant under this Petition states and alleges as follows:

1. That at all times hereinafter mentioned, Defendant BJC HealthSouth Rehabilitation Center owned and operated by The Rehabilitation Institute of St. Louis located at 4455 Duncan in the City of St. Louis, State of Missouri.

2. That at all times hereinafter mentioned, Defendant was acting by and through its duly authorized agents, servants, employees and representatives.

3. That at all times hereinafter mentioned, Defendant was a Missouri LLC Corporation active and in good standing.

4. That at all times hereinafter mentioned, the Plaintiff Sue Cantrall was the wife and spouse of David Cantrall, deceased who died on December 6, 2009 as a direct


EXHIBIT 1

and proximate result of the carelessness and negligence and deviations from appropriate standards of rehabilitation and nursing care as more fully hereinafter set out.

5. That from August 7 – 11, 2009 Plaintiff's decedent was an inpatient of Defendant's aforesaid facility. At said time he was a 50 year old white male with a medical history of peripheral vascular disease which had resulted in an above the knee amputation of his right leg in 2006 and an above the knee amputation of his left leg during a July 27 – August 7, 2009 hospitalization at Barnes Jewish Hospital.

6. Plaintiff's decedent was transferred from Barnes Jewish Hospital on August 7 to Defendant's aforesaid facility and remained there until August 11 when at approximately 10:00 a.m. his roommate observed Plaintiff's decedent to be coughing and then fall out of bed landing on the floor on his head. The roommate called the nursing station and when they responded they found Plaintiff's decedent to be in cardiopulmonary arrest, necessitating four shocks before his cardiac and respiratory functions were able to be restored, at which time he was transferred back to Barnes Jewish Hospital.

7. Plaintiff's decedent spent the time between August 11 and approximately December 1, 2009 between Barnes Jewish Hospital and a nursing home and that as a result of the injuries received in his aforesaid fall on August 11, 2009 Plaintiff's decedent died on December 6, 2009 when his blood pressure was unable to be controlled and his kidneys shut down.

8. That Plaintiff's decedent's aforesaid fall and resultant injuries and eventual death were directly and proximately caused and contributed to be cause by the

2

carelessness and negligence and deviations from appropriate standards of rehabilitation and nursing care in the following respects, to-wit:

a. That Plaintiff's decedent's bed was equipped with four side rails and that despite Defendant's knowledge of Plaintiff's decedent's instability and increased likelihood for fall as a double amputee, Defendant allowed and permitted two of the side rails to be in the down position;

b. That despite Defendant's knowledge of Plaintiff's decedent's instability and increased likelihood for fall as a double amputee, Defendant failed to maintain the elevation of Plaintiff's decedent's bed off of the floor at a level that was safe and foreseeable for Plaintiff's decedent;

c. That despite Defendant's knowledge of Plaintiff's decedent's instability and increased risk for fall, Defendant failed to provide pads or cushions on the floor on either side of Plaintiff's decedent's bed;

d. That despite Defendant's knowledge of Plaintiff's decedent's instability and increased risk for fall, Defendant failed to restrain Plaintiff's decedent in bed.

9. That the carelessness and negligence and deviation from appropriate standards of rehabilitation and nursing care as aforesaid directly and proximately caused and contributed to cause Plaintiff's decedent's fall, resultant injuries and eventual death.

10. That Plaintiff has been caused to lose the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support of Decedent David Cantrall as a direct and proximate result of the carelessness and negligence and deviations from appropriate standards of rehabilitation and nursing care, as hereinbefore set out.

WHEREFORE, Plaintiff prays judgment against the Defendant in such sum as will fairly and justly compensate Plaintiff for any and all damages Plaintiff has sustained

3

or is reasonably certain to sustain in the future, in an amount in excess of $50,000.00, together with her costs expended herein.

_____
EUGENE H. FAHRENKROG, JR., PC
#22309
**Attorney for Plaintiff**
911 Washington Avenue, Suite 400
St. Louis, MO  63101
(314) 241-4567; Fax (314) 621-6941

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed U.S. Mail, postage prepaid to Matthew Eddy, Lashly & Baer, 714 Locust St., St. Louis, MO 63101 this _____ day of March, 2011.

_____

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | )ss |
| CITY OF ST. LOUIS | ) |

I, M. JANE SCHWEITZER, Clerk of the Circuit Court within and for the City of St. Louis, State of Missouri, do hereby certify that the foregoing are true copies of original documents on files and recorded in my office for the following case
**PETITION**

St. Louis City case number   1122-CC01148

WITNESS my hand and SEAL of said Court this 5th day of April, 2011.

M. Jane Schweitzer
Circuit Clerk

By: _____
Deputy Clerk



SEAL of the CIRCUIT COURT