# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SUE CANTRALL, | ) |
| Plaintiff, | ) |
| vs. | ) Case number 4:11cv0655 TCM |
| BJC/HEALTHSOUTH REHABILITATION CENTER, L.L.C., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court[1] in this medical malpractice action is a motion filed by plaintiff, Sue Cantrall, to remand her case to the Circuit Court for St. Louis City, Missouri. [Doc. 6] Defendant, BJC/HealthSouth Rehabilitation Center, LLC (BJC), removed the action to federal court on the grounds of diversity of citizenship. Specifically, Plaintiff is an Illinois resident; BJC is a Missouri citizen; the amount is controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a) (granting original jurisdiction to district courts in cases in which, inter alia, parties are of different states and the amount in controversy exceeds sum of $75,000).

Plaintiff alleges in her complaint that she is the widow of David Cantrall, who died as a proximate result of BJC's "carelessness and negligence and deviations from appropriate standards of rehabilitation and nursing care . . . ." (Compl. ¶ 4.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

In her motion to remand, Plaintiff argues that remand is appropriate under 28 U.S.C. § 1441(b).

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). The action was filed in Missouri; BJC is a citizen of Missouri.

BJC does not oppose the remand, but does oppose Plaintiff's request for costs and attorney's fees.

## **Discussion**

A defendant may remove a civil action filed in a state court to the proper district court if the district courts have original jurisdiction of the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction in all civil actions between citizens of different states, if the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Here, there is no dispute that the two parties are citizens of different states and that the amount in controversy exceeds $75,000.00. If Plaintiff had filed this lawsuit here, this Court would have had subject matter jurisdiction over her claims. She did not; she filed her lawsuit in state court.

As noted above, the removal statute provides, in relevant part, that actions within a district court's diversity jurisdiction may only be removed from state court to a federal court when none of the parties who have been joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b). In this Circuit, removing a case

within a district court's diversity jurisdiction to federal court when a defendant is a citizen of the forum state is a jurisdictional defect. **Horton v. Conklin**, 431 F.3d 602, 605 (8th Cir. 2005) (citing Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992)). Consequently, a district court lacks diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. **Hurt**, 983 F.2d at 1146; **Hinkle v. Norfolk Southern Ry. Co.**, No. 4:05cv1867 CAS, 2006 WL 2521445, *2 (E.D. Mo. Aug. 29, 2006). See also 14B Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure, § 3723 (3d ed. 1998) ("Section 1441(b) explicitly provides, and the cases uniformly hold, that removal to federal court based on diversity of citizenship is available only if *none* of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought . . . .").

Clearly, remand is appropriate.

Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorneys' fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." **Martin v. Franklin Capital Corp.**, 546 U.S. 132, 141 (2005). An award of fees is within this Court's discretion, "with no heavy congressional thumb on either side of the scales." **Id.** Having reviewed Plaintiff's two-page motion and BJC's response, the Court declines to award Plaintiff attorney's fees. Additionally, Plaintiff does not set forth any costs she incurred in the removal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for remand of Sue Cantrall is **GRANTED**. [Doc. 6]

**IT IS FURTHER ORDERED** that Clerk of Court is to remand this case to the Circuit Court for the Twenty-Second Judicial Circuit (St. Louis City) for the State of Missouri for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of May, 2011.